IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LARRY C. WEST,

        Plaintiff,

        v.                                      CIVIL ACTION NO. 2:07cv9

CITY OF NORFOLK, VIRGINIA,

and

TAMELE Y. HOBSON
        Defendants.

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on the City of Norfolk, Virginia and Assistant City Attorney, Tamele Y. Hobson's ("Defendants") Motion to Dismiss the Complaint of *pro se* Plaintiff, Larry C. West ("Plaintiff"). For the reasons stated below, the Defendants' Motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

This case is a successor to *West v. Wall*, No. 2:06cv640, 2007 WL 709328, at *1 (E.D. Va. March 2, 2007) and arises out of the same set of facts. In particular, this case stems from Plaintiff's dissatisfaction with the Norfolk Police Department's investigation of his son's death. As detailed in *Wall*, Plaintiff's son was an enlisted member of the United States Navy. *Id.* According to the United States Naval Criminal Investigative Service Report, Plaintiff's son reported for work on the USS LEYTE GULF on November 18, 2004. *Id.* Plaintiff's son left the

ship around lunch time and was found dead in his apartment on November 19, 2004. *Id.* According to the autopsy report, the medical examiner concluded that the police investigation and autopsy results were consistent with a suicidal drowning. *Id.*

Plaintiff filed the instant complaint subject to defect[1] on January 8, 2007. The defect was cured on January 18, 2007. On February 28, 2007 Defendants filed their Motion to Dismiss on the grounds that the Court lacks jurisdiction and that the complaint fails to state a claim upon which relief may be granted. The motion contained the required notice to Plaintiff of his rights pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). On March 19, 2007, Plaintiff filed a response in opposition to Defendants' motion. Plaintiff has also requested oral argument on this matter. However, after carefully reviewing the parties' pleadings, the Court finds that oral argument is unnecessary. This matter is ripe for judicial determination.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969)). Courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d

---

[1] Plaintiff failed to provide an original signature on his complaint, however, upon receipt of an original signature, the defect was cured.

30, 31 (4th Cir. 1985). Further, on a motion to dismiss, the court must assume the truth of facts alleged in the complaint. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). *Pro se* complaints are to be construed liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

    B.    **Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. Unless a matter involves an area over which federal courts have *exclusive* jurisdiction,[2] a plaintiff may bring suit in federal court if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams*, 697 F.2d at 1219. However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The court

---

[2] *See* 28 U.S.C. § 1333 (federal courts have exclusive jurisdiction to hear admiralty, maritime, and prize cases); 28 U.S.C. § 1334 (federal courts have exclusive jurisdiction to hear bankruptcy cases and proceedings).

must weigh the evidence before it to establish its jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) ("[A] court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion.").

### III. DISCUSSION

Plaintiff's claims are based on two specific allegations. First, as far as the Court can ascertain, Plaintiff asserts that the Norfolk Police Department has failed to adequately investigate the death of his son, PaShaun Verrill West. Second, the focus of Plaintiff's complaint is that Plaintiff has not been allowed to examine evidence that was part of the investigation of his son's death. In particular, Plaintiff contends that despite numerous requests under the Virginia Freedom of Information Act, Assistant City Attorney Tamele Hobson has failed to provide information and evidence relating to the investigation. Defendant counters that there is no constitutional right to a criminal prosecution. Further, Defendant argues that to the extent that Plaintiff's complaint is construed as a Freedom of Information Act Claim, neither the Federal or the Virginia Freedom of Information Act provides Plaintiff a remedy, and therefore, the Court lacks subject matter jurisdiction in the instant case.

As the Court explained in Plaintiff's previous suit, construing Plaintiff's complaint liberally, the only claim that would support his allegation is one asserting the denial of a federal right pursuant to 42 U.S.C. § 1983 (2000). This statute provides a cause of action for "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Section 1983 applies to a state official's actions only if "the official's actions . . . have violated a legal right of the plaintiff." *Sattler v. Johnson*, 857 F.2d 224, 226 (4th Cir. 1988).

In this case, Plaintiff, in supporting his assertion that the Norfolk Police Department failed to adequately investigate the death of his son, points to alleged inconsistencies in the Department's determination that his son's death was a suicidal drowning. Plaintiff points to a piece of paper which was apparently placed under a bar of soap in the bathroom of his son's apartment. Plaintiff also points to a lack of investigation and/or examination of a knife found in his son's apartment and the failure of the Police Department to pursue the possibility that his son may have been hazed, resulting in a homicide.

There is no constitutional right to have information presented to enable a civil suit or to have a crime prosecuted. *Id.* Plaintiff suggests that Defendant has been negligent in handling the investigation of his son's death by not pursuing alternative explanations for his death including, as mentioned above, homicide. However, Plaintiff has no right to any criminal investigation. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, Plaintiff has "no judicially cognizable interest in the prosecution or nonprosecution of another." *Id*. Therefore, Plaintiff has no cause of action for the Defendant's alleged failure to properly investigate a purported crime.

The Court construes Plaintiff's next claim under the Freedom of Information Act. Although not clear, Plaintiff's complaint states that Plaintiff has attempted to obtain and examine evidence including the previously mentioned piece of paper found under a bar of soap in his son's bathroom; a knife found at his son's apartment; a Fire/EMS Report; and audiotapes of 911 calls. Plaintiff states that he has requested the items from the City of Norfolk and the Norfolk Police Department. Plaintiff also states that he has requested that the Commonwealth of Virginia,

Department of Health correct his son's birth certificate.

Plaintiff has no cause of action under either the Federal or Virginia Freedom of Information Act in this case. The Federal Freedom of Information Act, 5 U.S.C. § 552 (2000) applies to records and information of government agencies. The Act defines "agency" as each authority of the Government of the United States . . ." 5 U.S.C. § 551(1). The definition does not include police agencies of municipalities. Therefore, Plaintiff cannot prevail on his claim under the Federal Freedom of Information Act.

Moreover, Plaintiff asserts that he has also made requests pursuant to the Commonwealth of Virginia's Freedom of Information Act, Va. Code Ann. §§ 2.2-3700 et. seq. (2005).[3] This Court has no basis for jurisdiction under the Virginia Freedom of Information Act, a state statute. Plaintiff may seek relief under this statute before a Circuit Court or the General District Court of the Commonwealth of Virginia, not Federal Court. Finally, to the extent that Plaintiff has made requests upon the Commonwealth of Virginia's Department of Health, Defendants in this case have no control and can provide no resolution to these particular complaints. The Department of Health is an agency of the Commonwealth of Virginia and the City of Norfolk has no authority or control over that agency's determinations.

While the Court empathizes with the grief associated with the untimely death of his son, the Court can find no legal theory upon which Plaintiff can sue. Moreover, Plaintiff has not established a cognizable violation of any constitutional right in this case.

---

[3]Plaintiff made a request of the previously mentioned evidence under the Virginia Freedom of Information Act. Defendant's letter of June 22, 2005 explains that Plaintiff's request was denied pursuant to Section 2.2-3706(B) of the Code of Virginia. Section 2.2-3706 exempts access to "evidence relating to a criminal investigation." Va. Code Ann. § 2.2-3706 et. seq. (2005).

## IV. CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff may appeal from this Memorandum Opinion and Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to Plaintiff and Defendants' counsel of record.

**IT IS SO ORDERED**.

_____/S/_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 16, 2007